UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LOUISE M. HUTCHENS,

        Plaintiff,               CIV. S-04-0268 PAN

    v.

JO ANNE B. BARNHART,           Memorandum of Decision
Commissioner of Social
Security,

        Defendants.

—o0o—

Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff disability benefits.

If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. § 404.1520(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. § 404.1520(c). Third, the medical

evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. § 404.1520(d).  Fourth, if the claimant can do his past work benefits are denied.  20 C.F.R. § 404.1520(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded.  20 C.F.R. § 404.1520(f).

Defendant found plaintiff was eligible, suffered from "overuse syndrome of the upper extremities, chondromalacia, and depression but only to the extent [that] would limit [plaintiff] to unskilled work" but no listed impairment, that she could no longer perform her past work but retained the capacity for a significant range of light work including fast food worker, parking lot attendant and photographic counter clerk, and that she is not disabled.  Tr. 16-23.

This court must uphold the Secretary's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Secretary's findings are supported by substantial evidence. Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987).  The question is one of law. Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, Richardson v. Perales, 402 U.S. 389, 401 (1971),

2

but less than a preponderance. <u>Bates v. Sullivan</u>, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Richardson</u>, 402 U.S. at 401.  The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Secretary's decision. <u>Gonzalez v. Sullivan</u>, 914 F.2d at 1200.  If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence.  <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

     Plaintiff claims defendant erred in concluding plaintiff retains the capacity for a wide range of light work and rejecting her subjective complaints, and failed to sustain her burden of identifying jobs in the economy that plaintiff can perform.

     Plaintiff testified:

> The tendonitis that I have in my wrists, elbows and shoulders has become--I'm going to start to cry.  Has become so great that it's hard to function.  All hand movement is repetitive.  From the time you get up in the morning, you brush your teeth and you go to the bathroom and you put your clothes on, you make your coffee, it's all repetitive.  So by the time I get up and get dressed, I'm done, I'm spent for the day.  It's difficult for me to drive.  I--as far as like working goes, I can hardly write.  I--my writing is limited to just signing my name or filling out very short forms.  Handling paper is very difficult due to like to when

> I was at Coastal I had mounds of paper to go through.  So, I guess the action of this, moving your hand, didn't help. And that's just for my hands.  My knees hurt all the time because of the surgeries.  Which is why I stopped working physical jobs and tried to get a job where I was at a desk, so that I wouldn't have to stand or use my legs a lot. Basically, every day is a struggle to do very simple things. Eating is--even that is difficult.  Last week--or a couple weeks ago I made french toast.  And after I made it and I cut it, I couldn't eat it, I didn't have the energy to hold the fork. . . .  Well, the pain level is--it gets to a point that it's so bad that my brain, what I call my brain, doesn't function properly.  And I have difficulty remembering things and I get really tired because the pain is so bad.  That I just end up passing out halfway through the day.  Tr. 35-36.

Defendant found plaintiff's testimony about her limitations was "not totally credible."  Tr. 19.  Plaintiff testified that her symptoms had been as serious as she described them since January 2000 with no "ups and downs."  Tr. 43. Defendant found the objective evidence showed this was not true. Tr. 19.  The record shows that on March 6, 2000, plaintiff told her treating physician, Charles Cuono, M.D., she had "experienced more than 85-90% improvement" and he wrote that "overall, her symptoms have improved dramatically."  Tr. 159.  In June 2000, plaintiff told Dr. Cuono that her elbows had been asymptomatic since April 11, (but she still had a "constellation of complaints" that Dr. Cuono could not explain).  Tr. 151.  More light is shed upon the significance of these discrepancies by defendant, who points out, about 18 months before the hearing, plaintiff adopted a child.  Tr. 36.  When plaintiff was required to obtain a complete physical examination for this purpose, which she did in January 2002, she had no physical complaints and the

examination by another physician was entirely normal. Tr. 294-95.

There are specific and cogent reasons in the record for not basing a benefits award upon plaintiff's own account of the physical limitations that keep her from performing any gainful work, and there was no error in this regard. See Morgan v. Apfel, 169 F.3d 595 (9th Cir. 1995).

Defendant found plaintiff retained the capacity for a wide range of light work.[1]  This finding was based upon the evidence of two treating physicians who disagreed with Dr. Janet O'Brien, a physician who examined plaintiff once in January 2002 and Dr. Dhaliwal, a neurologist who examined her once in September 2002.  Tr. 225, 244.  Both of these physicians believed plaintiff's capacity for repetitive work with her hands was limited by pain.  Tr. 229, 247.  Dr. O'Brien's assessment, however, was based upon plaintiff's subjective complaints and therefore is no better than defendant's assessment of plaintiff's credibility.  Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001)(administrative law judge appropriately rejected physician's

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567.  Defendant found, however, that plaintiff was limited to unskilled work and was "precluded from forceful activities with her right wrist and left wrist; limited from engaging in prolonged typing, keypunching, and writing; [that she must] avoid repetitive use of her hands, [but may engage in] unrestricted time sitting, standing, and walking during a normal workday" and that she is subject to no postural limitations such as bending, stooping or crouching or manipulative limitations with handling feeling, fingering and grasping.  Tr. 20.

opinion premised on plaintiff's subjective complaints).  Dr. Dhaliwal had only Dr. O'Brien's previous assessment and plaintiff's subjective complaints and stated only that it was "possible" plaintiff suffered from tendonitis.  Tr. 246.  There was no reason not to accept the opinion of plaintiff's treating physicians and plaintiff suggests no specific or legitimate reason for rejecting them.  See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

Plaintiff's final claim is that, because defendant's finding that there was other work plaintiff can perform was based upon expert vocational testimony that did not consider her true limitations, defendant failed to sustain her burden at step five of the analysis.  This claim loses all force in light of the court's decision that the predicate questions were properly decided.

There was no error and the decision is affirmed.

Dated:  June 8, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge